UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JESUS MIGUEL GUZMAN JUNIOR, )<br>as Next Friend of Keaton I. Fitzherbert, )<br>)<br>Petitioner )<br>)<br>v. )<br>)<br>ANDROSCOGGIN COUNTY JAIL, )<br>)<br>Respondent ) | 2:25-cv-00650-SDN |

**RECOMMENDED DECISION AFTER REVIEW OF PETITION**

Petitioner seeks habeas relief on behalf of Keaton I. Fitzherbert in accordance with 28 U.S.C. § 2241. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, upon the filing of a petition, the Court must conduct a preliminary review of the petition, and "must dismiss" the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *See McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face. . .").[1]

After a review of Petitioner's filings, I recommend the Court dismiss the matter.

**DISCUSSION**

Petitioner asserts that in filing the request for habeas relief on behalf of Mr. Fitzherbert, who is in custody in a county jail on state charges, he is acting as next friend

---

[1] Although Petitioner seeks relief pursuant to § 2241, rather than § 2254, "the § 2254 rules specifically state that they may be applied by the district court to other habeas petitions." *Bramson v. Winn*, 136 F. App'x 380, 382 (1st Cir. 2005) (citing Rule 1(b) of the Rules Governing § 2254 Cases).

"under necessity and impossibility of direct access." (Petition at 1.) He also alleges that "The Next Friend has a significant relationship or demonstrated dedication." (Attachment 3 to Petition at 1, ECF No. 1-3.) Mr. Fitzherbert did not sign the petition. Petitioner's filing consists largely of legal citations and general conclusory allegations regarding Mr. Fitzherbert's status and the state court proceeding.

First, Petitioner's failure to pay the filing fee or file an appropriate application to proceed without prepayment of fees constitutes grounds for dismissal. Furthermore, absent a recognized exception, Petitioner's failure to sign the complaint and related documents is also grounds for dismissal. A court is not "vested with jurisdiction" to consider pleadings signed by a non-lawyer on behalf of another person. *Jones v. Fletcher*, No. Civ.A.05CV07-JMH, 2005 WL 1175960, at *4 (E.D. Ky May 5, 2005) (citing *Velasco v. Lamanna*, 16 Fed. Appx. 311 (6th Cir. 2001); *see also*, *Alexander v. Tyson*, No. 3:11CV710 SRU, 2013 WL 1798896, at *3 (D. Conn. Apr. 29, 2013) (noting that caution is generally warranted before sua sponte dismissal of pro se pleadings before service of process but concluding that dismissal was proper when a pro se plaintiff lacked authority to represent the estate). Petitioner is not an attorney licensed to practice before this Court.

An exception to the general rule prohibiting a non-lawyer from representing another person's interests in federal court permits "next friends" to file habeas corpus petitions "on behalf of detained prisoners who are unable, usually because of mental incompetence or inaccessibility, to seek relief themselves." *Whitmore v. Arkansas*, 495 U.S. 149, 162 (1990). A next friend must also be "truly dedicated to the best interests of the person on whose behalf he [or she] seeks to litigate and . . . must have some significant relationship

with the real party in interest." *Id.* at 163–64 (citations omitted).  Although Petitioner asserts that he is acting as next friend because of Mr. Fitzherbert's lack of access and further asserts that he has "a significant relationship or dedicated dedication," Petitioner alleges no facts that would support a finding that Petitioner can seek habeas relief as next friend of Mr. Fitzherbert.  Petitioner provides no information regarding his relationship with Mr. Fitzherbert or explain why Mr. Fitzherbert lacks the ability to petition the Court directly.  On this record, Petitioner cannot assert a request for habeas relief on behalf of Mr. Fitzherbert.

Even if Petitioner could assert a claim on behalf of Mr. Fitzherbert or even if Mr. Fitzherbert had asserted the claim directly, dismissal is warranted.  Under *Younger v. Harris*, 401 U.S. 37 (1971), federal courts generally abstain from the exercise of jurisdiction when a petitioner seeks relief in federal court from ongoing state criminal proceedings.  *See Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69, 78 (2013) (noting that *Younger* "preclude[s] federal intrusion into ongoing state criminal prosecutions"); *In re Justices of Superior Court Dept. of Mass. Trial Court*, 218 F.3d 11, 16 (1st Cir. 2000) ("The federal courts have long recognized the 'fundamental policy against federal interference with state criminal proceedings.'" (quoting *Younger*, 401 U.S. at 46)). Abstention is called for "when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief."  401 U.S. at 43-44.

The elements of mandatory abstention consist of the following: "(1) the [state] proceedings are judicial (as opposed to legislative) in nature; (2) they implicate important state interests; and (3) they provide an adequate opportunity to raise federal constitutional

3

challenges." *Bettencourt v. Bd. of Registration in Med. of Commonwealth of Mass.*, 904 F.2d 772, 777 (1st Cir. 1990). Petitioner does not assert that the state criminal case has reached a final resolution, and his filings suggest that the state court case is ongoing. The criminal proceeding alleged in the petition is judicial in nature, implicates important state interests associated with the State's administration of its laws, and the state court system affords Petitioner an adequate opportunity to raise federal constitutional challenges. Abstention, therefore, is presumptively appropriate.

Notably, "[c]ourts have consistently applied the *Younger* doctrine to dismiss habeas claims by pretrial detainees based on excessive bail, claims of actual innocence, or due process violations, absent bad faith, harassment, or [other] extraordinary circumstances." *Enwonwu v. Mass. Superior Court, Fall River*, No. 1:12-cv-10703, 2012 WL 1802056, at *3 n. 7 (D. Mass. May 16, 2012). In this case, Petitioner has not alleged any facts that would constitute the extraordinary circumstances necessary to overcome the presumption in favor of abstention. Dismissal, therefore, is warranted.

## CONCLUSION

Based on the foregoing analysis, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, I recommend the Court dismiss the petition. I also recommend that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2254 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

## **NOTICE**

      A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

      Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

                                       /s/ John C. Nivison
                                       U.S. Magistrate Judge

Dated this 2nd day of January, 2026.