UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| JESUS MIGUEL GUZMAN JUNIOR, ) ) ) | |
| Petitioner, ) ) | |
| ) | 2:25-cv-00650-SDN |
| v. ) ) | |
| ANDROSCOGGIN COUNTY JAIL, ) ) | |
| Defendant. ) | |

### AMENDED ORDER AFFIRMING RECOMMENDED DECISION

On January 2, 2026, the Magistrate Judge recommended dismissing Petitioner's habeas petition after preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases, *Younger v. Harris*, 401 U.S. 37 (1971), and Petitioner's failure to follow certain procedural requirements for filing petitions on behalf of a third party. ECF No. 2. The Magistrate Judge notified the parties that failure to object by January 16, 2026, would waive their right to de novo review and appeal. Mr. Guzman Junior attempted to file an objection to the Recommended Decision by emailing the filing to the Clerk of Court,[1] but the Clerk did not docket it because he did not follow the local rules for pro se electronic filers.

Nonetheless, even if the Court considers Petitioner's Objection, which it dockets now, ECF No. 5-1, after conducting a de novo review of the Magistrate Judge's Recommended Decision, *see* Fed. R. Civ. P. 72(b)(2), the Court agrees with the findings and legal conclusions set forth in the Decision. Mr. Guzman Junior's position is

---

[1] Mr. Guzman Junior informed the Court of this unsuccessful filing in a subsequent motion to vacate the judgment that he filed after this Court affirmed the Recommended Decision and granted dismissal. *See* ECF No. 5. Because the Court has now determined de novo that dismissal is warranted, the motion to vacate the judgment is dismissed as moot.

1

predicated on his alleged status as a "next friend" of Mr. Fitzherbert, who currently is incarcerated at the Androscoggin County Jail. Most frequently, "next friends" appear in court on behalf of detained persons who are unable, usually because of mental incompetence or inaccessibility, to seek relief themselves. *See Whitmore v. Arkansas*, 495 U.S. 149, 162 (1990). But "next friend" standing is not "granted automatically to whomever seeks to pursue an action on behalf of another." *Id.* at 163. The petitioner must advance an "adequate explanation" as to why the real party in interest cannot appear on his own behalf. *Id.* Nothing in the record or Mr. Guzman Junior's petition indicates why Mr. Fitzherbert is foreclosed from prosecuting his own action. Furthermore, as the Magistrate Judge points out, *Younger* preclusion prohibits federal courts such as this one from intruding into ongoing state prosecutions. *See Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 78 (2013) (noting *Younger* "preclude[s] federal intrusion into ongoing state criminal prosecutions"). Because Mr. Guzman Junior's petition appears to take issue with Mr. Fitzherbert's continued detention for an underlying state criminal case, this Court is constrained from interfering.

Accordingly, the Court **AFFIRMS** and **ADOPTS** the Magistrate Judge's Recommended Decision. ECF No. 2. The petition for habeas relief under 28 U.S.C. § 2254 is **DISMISSED**. ECF No. 1. Petitioner's motion to vacate the judgment is **DISMISSED AS MOOT**. ECF No. 5. The Court further **ORDERS** that no certificate of appealability should issue in the event the Petitioner files a notice of appeal because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

**SO ORDERED.**

Dated this 18th day of May, 2026.

/s/ Stacey D. Neumann
**UNITED STATES DISTRICT JUDGE**